## Murcko License

*William C. Kuhn*, for Commonwealth.
*Anthony Perfilio*, for appellant.

STRANAHAN, P. J., June 5, 1968.—This matter concerns an appeal by Edward M. Murcko from a six-month suspension of his operator's license, resulting from an incident that occurred on or about March 26, 1966.

At that time Murcko had a junior operator's license which prevents him from driving from midnight until five o'clock a.m. On the evening of March 25, 1966, Murcko and his friend, Ketch, wished to go to McKees Rocks in order to visit a relative of Murcko, and the two boys discussed with Murcko's father the possibility of borrowing the Murcko automobile owned by the father, and the father agreed to this with the explicit understanding that Ketch was to do any driving after midnight. Ketch had a regular driver's license which permitted him to drive at any time.

The two boys proceeded to McKees Rocks and on the way home, since it was after midnight, Ketch was driving and Murcko was a passenger in the passenger's seat. While they were proceeding home they were followed by a State policeman who clocked the vehicle at 100 miles an hour. This clocking took place over a half mile distance in an area where the legal speed was 60 miles per hour.

Ketch was arrested for speeding and Murcko was arrested for violating section 626 of The Vehicle Code of April 29, 1959, P. L. 58, which makes it unlawful to authorize or permit a motor vehicle under a person's control to be operated in violation of The Vehicle Code.

The testimony in the case in addition to the matters set forth above would indicate that Murcko believed that he had the right to control the route that was being taken back from McKees Rocks. He also testified that he knew Ketch was going over the speed limit and that he told Ketch to slow down. Murcko testified that by the time Ketch reacted and slowed down the police officer had indicated that the car should be stopped. There was further testimony by Murcko that his father loaned the car to him and not to Ketch, and, as previously pointed out, the trip was being made to visit Murcko's relatives and not Ketch's relatives.

Appellant argues that he cannot be in violation of section 626 of The Vehicle Code unless he knowingly permitted the operator of the car to violate The Vehicle Code. This may be a correct statement of the law, but we find that the facts themselves indicate that Murcko would have knowledge of this violation for at least a half mile before he said anything to Ketch. It is impossible for this court to believe that anyone could travel 100 miles per hour as a passenger and not have some idea that the driver was in violation of the speed limit. The argument of Murcko might have some validity if Ketch was only exceeding the speed limit by a few miles per hour. This is not the testimony of the officer who testified that he clocked Ketch going 100 miles per hour for a half mile.

We find that Murcko had knowledge of the fact that Ketch was violating the law, and while we have considered his testimony that he could not see the speedometer, certainly observing passing landmarks on the highway would be sufficient to indicate to him that this automobile was traveling at an uncalled for rate of speed.

This problem has been considered in the case of Commonwealth v. DeSanzo, 40 D. & C. 2d 157, in which an exhaustive opinion was written. It being a fact that Murcko was not the owner of the vehicle, his mere presence in the vehicle did not of itself give him any right to control the driver, nor does the fact that it was his father's car create a presumption that an agency relationship existed between the father and son. The relationship of master and servant must be established and will not ordinarily be presumed merely from a father-son relationship. We therefore conclude that the fact that Murcko was in the car and that the car was owned by his father does not of itself fasten responsibility on Murcko.

A review of the testimony, however, does indicate that this automobile was loaned by the father to his son and even though the son could not drive after midnight, it is obvious that the trip was being made at the instance of the son, Murcko, who was going to visit relatives. It is further indicative of control when Murcko testified that he had the right to select the route that they would follow and further when he testified that he directed the driver to slow down, but at that time it was too late.

We believe that taking all of the testimony in this case into consideration the automobile was under the control of Edward M. Murcko at the time this incident occurred, and that he is therefore in violation of section 626 of The Vehicle Code.

ORDER

And now, June 5, 1968, the appeal from the suspension of Edward M. Murcko is dismissed and the order of the Department of Revenue suspending the operator's license of Edward M. Murcko is affirmed.